[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared. The plaintiff was represented by counsel. The defendant appeared pro se. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The plaintiff and the defendant, whose maiden name was Chaput, intermarried at Lisbon, Connecticut on August 5, 1972; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably with no hope of reconciliation and that no state or public agency contributed to the support or maintenance of either party or their children.
Both parties agree that their marriage has broken down irretrievably with no hope for reconciliation.
The parties separated in 1995.
The plaintiff claims that excessive drinking and partying contributed to the breakdown. The defendant claims the breakdown was due to the plaintiff coming home late at night, that in September 1995 she learned that the plaintiff was having a child by another woman and that the plaintiff would not attend counseling to save their marriage.
From the evidence presented, the court finds that the marriage has broken down irretrievably with no hope for reconciliation. I find the plaintiff more at fault for the breakdown than the defendant.
The plaintiff, who was born July 16, 1952, appears to be in good health except for a back injury which prevents him from doing heavy construction CT Page 12911 work. He has a high school diploma from the University of New Britain and presently is attending Three Rivers Community College in Norwich, Connecticut.
Previously, he did plumbing, heating and carpentry work. He had a plumber's license which he lost in 1995. Presently, the plaintiff is unemployed. However, he receives a Tribal Stipend of $385.00 per week.
The defendant, who was born May 2, 1953, is in good health. She has a high school education and is presently employed at Foxwood's Casino as a dealer 30 to 40 hours per week and has a gross weekly income of $740.00 with deductions for federal and state income taxes, Social Security and 401K contributions of $99.00 leaving her a net weekly income of $455.67.
In 1973 the parties purchased their marital home at 318 N. Burnham Highway, Lisbon, Connecticut. Said property has a fair market value of $100,000.00 according to Jacqueline Maneri of the Reiss Appraisal Company. (Plaintiff's Exhibit I.) Said property is subject to a mortgage of between $32,000.00 and $34,000.00.
Since 1995 when the parties separated, the plaintiff has been living in the marital residence. Presently, she is approximately $2,300.00 delinquent in real estate taxes and one month default in the mortgage.
The defendant has a 401K valued at approximately $25,000.00, a 1993 Buick free and clear.
The plaintiff has minimal personal items, Dime Bank checking and savings accounts totaling $500.00 and a 1999 Honda subject to a loan of $5,000.00.
The plaintiff only seeks $25,000.00 as his share of the equity in the marital home. The defendant refuses. Neither party seeks alimony. The other assets of the parties are set forth in the orders below.
Judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown. After considering the evidence, the proposed orders submitted by the parties and the pertinent provisions of the Connecticut General Statutes, it is ordered that:
1. Neither party is awarded alimony.
2. The plaintiff shall own the 1999 Honda subject to any loans thereon and keep the defendant harmless therefrom; his Dime Bank checking and savings accounts and his miscellaneous personal items. CT Page 12912
3. The defendant shall own the 1993 Buick, her 401K and any household furnishings and furniture located in the marital home.
4. The plaintiff shall transfer to the defendant any interest he has to the marital home subject to any mortgages or liens thereon, which shall be assumed by the defendant, who will hold the plaintiff harmless thereon.
The defendant shall pay to the plaintiff within six months the sum of $20,000.00 which sum shall be a charge on said marital property until paid.
If the defendant intends to sell said property, she shall notify the plaintiff of the time and place of the closing on the sale so that he may attend to receive said $20,000.00 unless he has been paid said sum previously.
Neither party shall have any claim to any pension/retirement accounts which the other party may be entitled to.
___________________ Vasington, JTR CT Page 12913